NOT DESIGNATED FOR PUBLICATION

No. 114,431

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

EDMOND LEE WININGER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Cherokee District Court; OLIVER KENT LYNCH, judge. Opinion filed March 17, 2017. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Amanda G. Voth*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON and BRUNS, JJ.

*Per Curiam*:  Edmond Lee Wininger appeals from his convictions for aggravated indecent liberties with a child and indecent liberties with a child. On appeal, Wininger contends that the district court erred by failing to instruct the jury on general intent. Under the circumstances presented in this case, we find that a general intent instruction would have been unnecessary and superfluous. Moreover, in light of the legally appropriate instructions the district court gave regarding the intent required to find a defendant guilty of aggravated indecent liberties and indecent liberties, we find that a general intent instruction would likely have caused confusion to the jury. Thus, we affirm.

1

FACTS

The State charged Wininger with one count of aggravated indecent liberties with a child under the age of 14, an alternative count of indecent liberties with a child between 14 and 16, and one count of indecent liberties with a child between 14 and 16. Specifically, the State alleged that Wininger had inappropriate contact with the child—who was his stepgranddaughter—on several occasions. At the conclusion of a 3-day jury trial, the jury convicted Wininger on each of the charges.

The parties are well aware of the facts and we will not repeat them all in this opinion. In summary, the evidence at trial showed that Wininger had inappropriately kissed C.G. on multiple occasions. Moreover, the evidence showed that Wininger inappropriately touched C.G. on at least one occasion. The evidence further showed that when law enforcement officers interviewed Wininger, he admitted to an open mouth kiss as well as to touching C.G. on the breast and on the buttocks.

During the jury instruction conference following the close of evidence, Wininger's counsel generically requested a general intent instruction. Although the district court found it to be unnecessary to instruct the jury regarding general intent, it offered Wininger's attorney the opportunity to present authority in support of his request and said that it would consider a substitute instruction. However, it appears from the record that Wininger's attorney did not produce a substitute instruction and the issue was not addressed again.

Following his convictions, Wininger moved for a judgment notwithstanding the verdict and, in the alternative, for a new trial. The district court denied the motion and sentenced Wininger to life in prison with a mandatory 25-year minimum and lifetime postrelease supervision on the aggravated indecent liberties with a child conviction. The

2

district court also sentenced him to a consecutive 34-month sentence for the indecent liberties with a child conviction. Subsequently, Wininger timely filed a notice of appeal.

ANALYSIS

On appeal, Wininger contends that the district court erred in failing to instruct the jury on his defense that the "lewd fondling or touching" must be intentional. In response, the State contends that a general intent instruction was not legally or factually appropriate. In addition, the State contends that even if the district court erred in failing to give a general intent instruction, any such error was harmless.

The standard of review when addressing challenges to jury instructions is based upon the following analysis:

> """(1) First, the appellate court should consider the reviewability of the issue from both jurisdiction and preservation viewpoints, exercising an unlimited standard of review; (2) next, the court should use an unlimited review to determine whether the instruction was legally appropriate; (3) then, the court should determine whether there was sufficient evidence, viewed in the light most favorable to the defendant or the requesting party, that would have supported the instruction; and (4) finally, if the district court erred, the appellate court must determine whether the error was harmless, utilizing the test and degree of certainty set forth in *State v. Ward*, 292 Kan. 541, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).'" [Citation omitted.]" *State v. Fisher*, 304 Kan. 242, 256-57, 373 P.3d 781 (2016).

The State argues that Wininger failed to properly preserve this issue for appeal. Specifically, the State notes that Wininger did not request a specific jury instruction. As a general rule, we decline the opportunity to consider issues that have not been raised before the district court. See *State v. Warledo*, 286 Kan. 927, 938, 190 P.3d 937 (2008). Here, the record reflects that Wininger did object to the element instructions as given and requested that "knowingly and intentionally" be added. Accordingly, we conclude that

3

Wininger sufficiently preserved the issue of whether the district court should have added the words "knowingly and intentionally" to the element instructions for appeal.

Moving on to the second and third steps of the analysis, we look to see if the jury instruction is legally and factually appropriate. Even if we assume that adding "knowingly and intentionally" to the element instructions would be legally and factually appropriate, such additional language is not necessary and could result in confusion to the jury. We note that each of the element instructions given to the jury by the district court appropriately included an intent element. Specifically, the district court instructed the jury that Wininger could only be found guilty of aggravated indecent liberties with a child and/or indecent liberties with a child if the State proved beyond a reasonable doubt that he "engaged in lewd fondling or touching of C.G. with the intent to arouse or satisfy the sexual desires of C.G., [Wininger], or both." See K.S.A. 2010 Supp. 21-3504(a)(3)(A); K.S.A. 21-3503(a)(1).

Finally, even if the district court erred, a review of the record on appeals reveals that any such error was harmless. "'Before a Kansas court can declare an error harmless it must determine the error did not affect a party's substantial rights, meaning it will not or did not affect the trial's outcome.'" *State v. Plummer*, 295 Kan. 156, 162, 283 P.3d 202 (2012) (quoting *State v. Ward*, 292 Kan. 541, 565, 256 P.3d 801 [2011]). Here, Wininger admitted that he had kissed C.G. in a "romantic" manner and that he touched her with his hand "roaming" up and down her body. Furthermore, C.G. and her sister testified at trial regarding Wininger's interactions with C.G. Additionally, the district court did not prevent Wininger from raising any of his defenses to the jury. Thus, we find no real possibility that adding "intentionally and knowingly" to the elements instruction—or even giving a separate general intent instruction—would have changed the outcome of the trial in light of the overwhelming evidence against Wininger.

4

In conclusion, we find that the district court properly instructed the jury that the State was required to prove beyond a reasonable doubt that Wininger specifically intended to arouse or satisfy the sexual desires of himself, C.G., or both. To have also instructed the jury on general intent would have been superfluous and confusing to the jurors in their deliberations. In particular, it would have blurred the lines between general and specific intent. See *State v. Ellmaker*, 289 Kan. 1132, 1141, 221 P.3d 1105 (2009). Accordingly, we affirm Wininger's convictions.

Affirmed.